UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| NIKIA TIMOTHY STRIET, | ) | |
| | ) | |
| Petitioner, | ) | Case No.   C10-822-TSZ-BAT |
| | ) | (CR03-97-TSZ) |
| v. | ) | |
| | ) | **REPORT AND** |
| UNITED STATES OF AMERICA, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, Nikia T. Striet, has filed a 28 U.S.C. § 2255 motion to vacate and correct the conviction and sentence the Court imposed in 2004 in CR03-97-TSZ.  Dkt. 1.[1]  He claims his lawyer was ineffective by failing to appeal the denial of a suppression motion under *Gant v. Arizona,* 129 S.Ct. 1710 (2009) and by failing to argue the trial court lacked jurisdiction.  Dkt. 1. He also contends his conviction was obtained in violation of the Treaty of Point Elliott because his Tribe did not consent to extradition and his trial lawyer was ineffective for failing to raise this argument.  *Id.*

The United States argues the motion should be dismissed because it is untimely, not

---

[1] Dkt. refers to the present action. CR. refers to CR03-97-TSZ, the underlying criminal conviction.

REPORT AND RECOMMENDATION- 1

subject to equitable tolling, and presents meritless and procedurally defaulted claims.  Dkt. 9.  In

support of its arguments, the United States submitted declarations and prison records to

demonstrate that Striet's mental condition and prison conditions are not grounds to equitably toll

the statute of limitations.  *Id.*  The matter has been referred to United States Magistrate Judge

Brian A. Tsuchida.  Dkt. 4.  After careful consideration of the record, the Court recommends the

§ 2255 motion be **DENIED** and **DISMISSED**.

**BACKGROUND**

**A.      Criminal Proceedings**

On January 20, 2003, in the City of Enumclaw, Washington, a police officer stopped a

pickup truck in which Striet was a passenger. Cr. 14  at 1.  Striet had an outstanding felony

warrant for his arrest and was ordered to get out of the truck and put his hands in the air.  As the

police were placing Striet under arrest, a pistol fell from Striet's clothing.  *Id.  See also* Cr. 64.

On February 27, 2003, an indictment was returned charging Striet with Felon in

Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  Cr. 1.  The indictment further

alleged Striet was an Armed Career Criminal and faced enhanced penalties under 18 U.S.C. §

924(e)(1).  *Id.*  Striet's lawyers subsequently filed motions to suppress statements and evidence

arguing that as the initial stop of the truck violated the Fourth Amendment, all evidence seized

should be suppressed.  Cr. 13, 32.  On September 2, 2003, after the Court denied Striet's motion

to suppress evidence and statements, Striet pled guilty to the charge in the indictment reserving

the right to appeal all motions adversely determined by the Court.  Cr. 40, 44.

On March 19, 2004, the Court found Striet's prior convictions met the definition of

violent felony for purposes of the Armed Career Act (ACCA).  Cr. 56.  On April 9, 2004, the

Court sentenced Striet, imposing the fifteen year mandatory minimum sentence required under

REPORT AND RECOMMENDATION- 2

1   the ACCA.  Cr. 58, 59.  Striet appealed, challenging the application of the ACCA to his case and

2   arguing the enhanced penalties under the ACCA were imposed in violation of *Blakely v.*

3   *Washington* and *United States v. Booker.*  The Ninth Circuit rejected these arguments and

4   affirmed the sentence on August 30, 2005.  *See United States v. Nikia Timothy Striet,* 146

5   Fed.Appx. 884 (9th Cir. 2005).  Striet's subsequent petition for writ of certiorari with the

6   Supreme Court was denied on February 21, 2006.  *See Striet v. United States*, 546 U.S. 1191

7   (2006).

8   **B**.      **Section 2255 Proceedings**

9           On May 9, 2010, Striet placed the present § 2255 motion in the prison mailing system.

10  Dkt. 1.  The Court received the motion on May 18, 2010.  Striet acknowledges he filed the

11  motion outside the statute of limitations stating: "petitioner is outside his 1 year, However, he

12  has tried to have his attorney file these claims on his behalf outside his powers."  *Id.*  On June 4,

13  2010, the Court ordered Striet to show cause why his motion should not be dismissed as

14  untimely.  Dkt. 6.

15          Striet filed a response contending three extraordinary circumstances made it impossible

16  for him to file the motion on time: "(1) mental disfunction, (2) mistaken belief that his attorney

17  had filed a 2255, and (3) that because of lockdowns and transfers which he was incarcerated lack

18  of law library time during which prison was on lock down."  Dkt. 7 at 3.  In response to the

19  Court's order to file an Answer, the United States filed a Response on September 7, 2010

20  contending the motion should be denied as time barred, for lack of merit and because the claims

21  were procedurally defaulted.  Dkt. 9.  In reply, Striet contends that he is entitled to equitable

22  tolling because he had hired the law office of Ressler and Tesch to file a § 2255 motion and that

23  the time to file the motion lapsed "because he was under the mistaken belief that his lawyer had

REPORT AND RECOMMENDATION- 3

1  filed a motion after Mr. Striets petition to the United States Supreme Court was denied."  Dkt. 11

2  at 5.

3  ### III.    DISCUSSION

4  **A.    Striet's Motion is Untimely and Not Subject to Equitable Tolling**

5         Under 28 U.S.C. § 2255(f), a one-year period of limitations applies to § 2255 motions.

6  The one-year limitations period runs from the latest of (1) the date on which the judgment of

7  conviction becomes final; (2) the date on which the impediment to making the motion created by

8  government action is removed; (3) the date on which the right asserted was initially recognized

9  by the Supreme Court; or (4) the date on which the facts supporting the claims could have been

10  discovered by the exercise of due diligence.  *Id.*

11        Striet's judgment became final on February 21, 2006 when the Supreme Court denied his

12  petition for writ of certiorari.  *See Striet v. United States*, 546 U.S. 1191 (2006).  Thereafter, the

13  one-year statute of limitations for filing a § 2255 motion began to run.  It ran for over four years

14  until Striet filed the present § 2255 motion on May 9, 2010 by placing the motion in the prison

15  mail system.  *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  Striet acknowledges,

16  his § 2255 motion is untimely.  Dkt. 1, 7.  He does not contend he entitled to statutory tolling

17  under 28 U.S.C. § 2255(f).  Rather, Striet contends that he is entitled to equitable tolling of the

18  limitations period.

19        Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's

20  control make it impossible to file a petition on time.  *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th

21  Cir. 2004).  Striet bears the burden of showing that (1) he has been pursuing his rights diligently,

22  and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S.

23  408, 418 (2005).  The Court concludes Striet failed to meet this burden.

REPORT AND RECOMMENDATION- 4

Striet advances four grounds for equitable tolling.  First, he states under penalty of perjury in the § 2255 motion he filed that "petitioner is outside his 1 year, However, he has tried to have his attorney file these claims on his behalf outside his powers."  Dkt. 1.  This indicates Striet asked the lawyer representing him on direct appeal to file a § 2255 motion and that the lawyer told Striet he would not do so because his representation did not extend to post-conviction proceedings.  A criminal defendant is not entitled to be represented by counsel in post-conviction proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990).  Thus a lawyer who was appointed to represent a defendant on direct appeal is not obligated to file a § 2255 motion.  Where appellate counsel told Striet that filing a § 2255 motion was "outside his powers," and that he was not filing such a motion, the burden then fell on Striet to timely file the motion.  Striet's failure to do so evidences a lack of diligence.  Accordingly, the Court rejects the first ground Striet advances as a basis to equitably toll the statute of limitations.

Second, Striet contends the Court should equitably toll the statute of limitations because he was under the "mistaken belief that his attorney had filed a 2255."  Dkt. 7.  Striet's "mistaken belief" that a § 2255 had been filed by his attorney is in direct conflict with Striet's first ground for equitable tolling, that Striet was unable to persuade his appellate attorney to file a § 2255 motion on his behalf.  Striet offers no explanation for the apparent factual conflict between his first and second grounds for equitable tolling.  Putting aside this conflict, Striet failed to demonstrate this ground involves extraordinary circumstances that prevented him from timely filing his § 2255 motion.

Implicit in Striet's argument is whether the issue of attorney negligence is grounds for equitable tolling.  In *Holland v. Florida*, 130 S.Ct. 2549 (2010), a lawyer failed to timely file a habeas corpus petition.  The Supreme Court reaffirmed the rule that "garden variety" attorney

REPORT AND RECOMMENDATION- 5

1   negligence, such as a miscalculation that leads a lawyer to miss a filing deadline, does not

2   warrant equitable tolling.  *Id.* at 2564.  Assuming Striet had a lawyer who negligently failed to

3   timely file a § 2255 motion, that failure alone is not grounds for equitable tolling.

4          Moving on to the "mistaken belief" argument, Striet, initially presented nothing to

5   support it.  Dkt. 7.  But after the United States filed its Response arguing Striet's motion was

6   untimely, Striet filed a reply that stated:

7               Mr. Striet hired the Law offices of Ressler and Tesh located at 821
                Second Avenue Avenue [sic] in Seattle Washington to file a 28
8               USCS  2255 motion on his behalf.  Because Mr. Striet hired his
                own attorney, and was advised not to communicate with the Courts
9               as that is what they were hired to do.  After many attempts to
                communicate with his hired counsel, and never receiving any
10              information, Mr. Striet filed a petition under 28 USCS  2255 on his
                own behalf with the assistance of another inmate.

11

12   Dkt. 11 at 2.  Striet's reply goes on to argue that "because he was under the mistaken belief that

13   his lawyer had filed a motion after Mr. Striets petition to the United States Supreme Court was

     denied"  he is entitled to equitable tolling.  Dkt. 11 at 5.
14
            These assertions do not establish that Striet diligently pursued his § 2255 rights entitling
15
     him to equitable tolling.  Striet's conviction became final on February 26, 2006.  Striet presents
16
     no evidence as to when he hired Ressler and Tesch, whether he hired them before or after the
17
     time to file a § 2255 motion had expired.  Further, Striet gives no explanation why four years
18
     passed before he filed the § 2255 motion on his own.
19
            As the Supreme Court stated in *Holland*, "garden variety" attorney negligence is not
20
     grounds for equitable tolling, but a showing of serious attorney misconduct may provide such
21
     grounds when a petitioner has acted with reasonable diligence.  *Holland*, 130 S.Ct. at 2564–65.
22
     Striet's failure to present any facts showing diligence stands in stark contrast to the numerous
23
     facts presented in *Holland*.  In that case, Holland's counsel's shortcomings went far beyond the

REPORT AND RECOMMENDATION- 6

failure to timely file the petition.  The record indisputably showed Holland was represented by

counsel who was responsible for filing the habeas petition and that:

> Holland not only wrote his attorney numerous letters seeking crucial
> information and providing direction; he also repeatedly contacted the
> state courts, their clerks, and the Florida State Bar Association in an
> effort to have Collins - the central impediment to the pursuit of his legal
> remedy - removed from his case.  And, the *very day* that Holland
> discovered that his AEDPA clock had expired due to Collins' failings,
> Holland prepared his own habeas petition *pro se* and promptly filed it
> with the District Court.

*Holland,* 130 S.Ct. at 2565 (emphasis in original).

In light of these events, the Supreme Court indicated Holland had shown requisite

diligence and sufficient facts to merit further review by a lower court as to whether Holland was

entitled to equitable tolling because of these extraordinary circumstances.  *Id.*  Here, in contrast,

Striet failed to present facts establishing that he acted diligently and that his asserted "mistaken

belief" is an extraordinary circumstance that prevented him from timely filing the instant motion.

Accordingly, the Court rejects the second ground Striet advances as a basis to equitably toll the

statute of limitations.

Third, Striet argues the Court should equitably toll the statute of limitations because of

"lockdowns and transfers which was incarcerated lack of law library time during which prison

was on lock down." Dkt. 7.  Again, Striet presents no facts establishing that lockdowns and

transfers prevented him from timely filing his § 2255 motion.  Respondent, on the other hand,

has submitted the declarations of Federal Bureau of Prisons officials that aver Striet was at the

U.S. Penitentiary at Atwater, California from June 29, 2004 to June 3, 2008 and had access to the

law library for approximately 40 hours a week and could request legal materials when housed in

the special housing unit. Dkt. 9, Chavez Dec. at 2; Curless Dec. at 2.

Additionally, after Striet's conviction became final on Febraury 26, 2006, he was in the

REPORT AND RECOMMENDATION- 7

special housing unit for 29 days and was otherwise housed in the general population.  Dkt. 9, Curless Dec. at 2.  Based on this record, the Court concludes Striet failed to meet his burden of proof because he has not demonstrated how his prison conditions prevented him from filing a timely § 2255 motion.

And fourth, Striet contends equitable tolling should be granted because of mental dysfunction and mental incompetence.  Dkt. 7.  In support of this ground, Striet states he is "currently under the custody and control of U.S.P. Tuscon which is a special USP that houses Care level 3 General population, who are under the care of mental psychiatrists and psychologists."  Dkt. 7.  Striet however presents no facts that he has a mental condition, what that mental condition is, or when it arose.  Striet has the burden to come forward with evidence to establish that he suffers from a mental illness because a "[a] habeas petitioner's mental incompetence is not a per se reason to toll the statute of limitations for filing a federal habeas petition."  *Brown v. McKee*, 232 F.Supp.2d 761, 767 (E.D. Mich.2002).  *See also Weisner v. Evans*, 2009 WL 3353452, *3 (N.D. Cal. Oct.19, 2009).  Equitable tolling should be applied only "[w]here a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline."  *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003).

Here, Striet presents nothing to show a mental condition caused him to fail to timely file his § 2255 motion.  Further, Striet's assertions of mental illness are refuted by evidence submitted by respondent.  Respondent provided the Court with the declaration of a Bureau of Prisons psychologist indicating that Striet does not suffer from mental problems that would have prevented him from timely filing his § 2255 motion.  Dkt. 9, Kodger Dec. at 2.  Accordingly, the Court concludes Striet failed to meet his burden of proof to show that a mental condition prevented him from filing a timely § 2255 motion.

REPORT AND RECOMMENDATION- 8

**B.      Striet's Grounds for Relief Lack Merit**

Even if the Court found there are equitable grounds to toll the statute of limitations, neither of Striet's two claims merit relief.  First, Striet claims his conviction was obtained in violation of the Treaty of Point Elliott because "his tribe did not extradite him to the United States and that the United States lacked jurisdiction to convict him."  Dkt. 1.  There is nothing in the Treaty that supports this contention.  *See* 12 Stat. 927, January 22, 1855.  To the contrary, Article IX of the Treaty requires a tribe not to shelter or conceal offenders against the laws of the United States.

The record establishes the United States District Court had jurisdiction over Striet.  Striet was charged with committing a federal criminal offense that occurred in the City of Enumclaw which is in this Federal District.  Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States."  Striet was charged with and convicted of an offense against the United States under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1).  Accordingly, the district court had subject matter jurisdiction in this case. *See United States v. Studley*, 783 F.2d 934, 937 (9th Cir.1986).  Likewise, the district court had personal jurisdiction over Striet by virtue of Striet's having been brought before it on a federal indictment charging a violation of federal law.  *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Moreover, the personal presence of a defendant before a federal district court gives that court complete jurisdiction over the defendant regardless of how his or her presence was secured, whether by premature arrest, wrongful seizure beyond the territorial jurisdiction of the court, false arrest or extradition arising out of an offense other than the one which he or she is being tried.  *Stamphill v. Johnston¸* 136 F.2d 291, 292 (9th Cir. 1943) (internal citations omitted),

1  *United States v. Warren*, 610 F.2d 680, 684 n. 8 (9th Cir.1980).  Hence, Striet's contention that

2  the district court lacked jurisdiction because he was brought before the district court following an

3  arrest that occurred "within the parameters of the Muckleshoot Indian Tribe" and without

4  extradition proceedings (Dkt. 11 at 8) is without merit.

5       Accordingly, the Court concludes Striet's arguments that (1) his conviction was obtained

6  in violation of the Treaty and (2) the district court lacked of jurisdiction are without merit and

7  should be dismissed.  Additionally, because these arguments lack merit, his claim that counsel

8  was ineffective for failing to investigate and "suppress the indictment on jurisdiction grounds"

9  also fails.

10      Striet also claims his appellate lawyer was ineffective for failing "to appeal the search

11  and seizure."  Dkt. 1.  Specifically, Striet argues:

12          Petitioner was a passenger of a vehicle who was pulled over for a
           traffic violation.  Petitioner contends that his attorney was
13          ineffective for not appealing the court denial of his suppressing
           hearing Citing Arizona v. Gant, 173 LED 2D 485, A search of an
14          vehicle will be unreasonable unless police obtain a warrant.  The
           existence of reasonable cause for searching an automobile believed
15          to be carrying contraband does not warrant the search of an
           occupant.  United States v. Di Re 92 LED 210, 332, US 581
16

17  *Arizona v. Gant* involved a search of a vehicle incident to a recent occupant's arrest.  *Arizona v.*

18  *Gant*, 129 S.Ct. 1710 (2009).  *U.S. v. Di Re*, 332 U.S. 581 (1948) involved a search of an

19  occupant incident to the search of an automobile.  Counsel in Striet's case was not ineffective for

20  failing to seek suppression based on these authorities because the gun Striet possessed was not

21  seized following a search of a vehicle or a search of Striet incident to the search of the truck, thus

22  these authorities do not actually support Striet's position.

23      Instead, the record establishes the officer who stopped the truck immediately recognized

    Striet because of a unique tattoo on Striet's face.  Cr 64 at 8 (transcript of the evidentiary hearing

REPORT AND RECOMMENDATION- 10

on motion to suppress).  After the officer learned Striet had an outstanding felony warrant for his arrest, he ordered Striet to step outside of the truck and put his hands in the air.  *Id.* at 12.  As the officer handcuffed Striet, a gun fell from Striet.  *Id.* at 14–15.  The record clearly shows that the gun was seized during the lawful arrest of Striet pursuant to a felony arrest warrant and not as a consequence of an automobile search.

As none of Striet's grounds for relief have any merit, the Court need not address whether he is also procedurally barred from presenting them at this time.

**C.    Need For an Evidentiary Hearing**

If a prisoner's allegations do not state a claim for relief or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing.  *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.) (internal citations omitted), *cert. denied*, 493 U.S. 869, (1989).  Since none of the grounds raised by Striet merit relief, an evidentiary hearing need not be conducted.

**D.    The Court Should Not Issue a Certificate of Appealability**

A prisoner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of the motion only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude Striet's

REPORT AND RECOMMENDATION- 11

claims have merit, or deserve encouragement to proceed further.  Accordingly, the Court recommends a COA not be issued, and that pursuant to Rule 11 of the Rules Governing § 2254 cases, the district court deny issuance of a COA if it dismisses Striet's § 2255 motion.  Striet should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that Striet's § 2255 motion be **DENIED** and **DISMISSED** and the issuance of a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 15th day of October 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 12